Brent D. Houston Benton City Attorney 1230 Ferguson Drive Post Office Box 1500 Benton, Arkansas 72018
Dear Mr. Houston:
You have requested my opinion regarding the Arkansas Freedom of Information Act (FOIA). You are asking on behalf of the FOIA requester pursuant to A.C.A. § 25-19-105(c)(3)(B)(i) (Supp. 2009). That statute authorizes the custodian, requester, or the subject of personnel, employee evaluation, or job performance records to seek an opinion from this office stating whether the custodian's decision regarding the release of such records is consistent with the FOIA.
You have attached to your letter the e-mail correspondence between the requestor and the custodian and between you (as the custodian's attorney) and the requestor. This correspondence indicates the following:
 • The requestor seeks "the performance evaluations" of a particular city employee "from current back to February 2007."
 • The custodian responded to the requestor by noting that, per your advice, "only performance reviews relating to employee disciplinary action" may "be released under the" FOIA. The custodian has, apparently, reviewed the employee's personnel file and determined that there is no document in the file that is both a (1) performance review and (2) related to any suspension or termination proceeding.
 • The requestor asked you to seek an opinion from this office stating whether the custodian's decision is consistent with the FOIA. In the requestor's *Page 2 
words, he seeks an opinion "on the grounds that citizens of Benton deserve to be served by the best qualified personnel in this position." He also cites the city council's "right to question the capabilities of" someone serving in the position of this particular employee serves.
RESPONSE
My statutory duty is to state whether the decision of the custodian of records is consistent with the FOIA. As I understand the correspondence, the custodian has made three decisions:
 1. Performance evaluations are generally employee-evaluation records.
 2. Before employee-evaluation records may be released, they must (among other things) be related to a suspension or termination proceeding.
 3. The subject of the records request does not have any performance evaluations in his file that resulted in suspension or termination from 2007 to today.
In my opinion, the first and second decisions are consistent with the FOIA, for the reasons stated below. The third decision is a question of fact that I cannot address.
DISCUSSION
A document must be disclosed in response to a FOIA request if all three of the following elements are met. First, the FOIA request must be directed to an entity subject to the act. Second, the requested document must constitute a public record. Third, no exceptions allow the document to be withheld. Since the only element in dispute here is the third — namely, the definition of and test for the release of evaluation records — I will confine my analysis to that point.
The FOIA exempts certain "employee or job performance records" from disclosure. The FOIA, however, does not define that phrase. But this office has consistently opined that the phrase refers to records that were created by (or at the behest of) the employer, and that detail the employee's performance or lack of performance on the job.[1] This exception includes records generated while *Page 3 
investigating allegations of employee misconduct that detail incidents that gave rise to an allegation of misconduct.[2] A "performance evaluation," in the common usage, seems to be a document that meets this definition. Therefore, the custodian's first decision is consistent with the FOIA, in my opinion.
If a document meets the above definition, the documentcannot be released unless all the following elements have been met:
 1. The employee was suspended or terminated (i.e., level of discipline);
 2. There has been a final administrative resolution of the suspension or termination proceeding (i.e., finality);
 3. The records in question formed a basis for the decision made in that proceeding to suspend or terminate the employee (i.e., relevance); and
 4. The public has a compelling interest in the disclosure of the records in question (i.e., compelling interest).[3]
Thus, when the custodian noted that, in order to be released, the evaluation had to relate to suspension or termination, the custodian was correct. Therefore, the custodian's second decision is consistent with the FOIA.
Assistant Attorney General Ryan Owsley prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General
[1] Op. Att'y Gen. 2004-012 (and opinions cited therein).
[2] Id.
[3] A.C.A. § 25-19-105(c)(1) (Supp. 2009); Op. Att'y Gen. 2008-065.